# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

MARION COUNTY ECONOMIC
DEVELOPMENT DISTRICT, et al.                                          PLAINTIFFS

V.                                           CIVIL ACTION NO. 2:13-CV-44-KS-MTP

WELLSTONE APPAREL, LLC, et al.                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **denies** Plaintiffs' Motion to Strike [60], **denies** Plaintiffs' Motion to Remand [23], **denies as moot** Defendant Brigade Manufacturing, Inc.'s Motion to Dismiss [32], and **denies** Defendant Naiden Kremenliev's Motion to Dismiss [30].

## I. BACKGROUND

Plaintiffs are government entities that own the real property at issue in this litigation. In March 2004, Plaintiffs entered into a lease agreement with RutterRex, Inc., in which RutterRex agreed to lease the subject property for ten years in exchange for rents of $175,000.00 per year, payable in monthly installments of $14,600.00. RutterRex – like the Defendants – was in the business of manufacturing uniforms and apparel.

In 2006, Defendant Wellstone Apparel, LLC, a subsidiary of Defendant Wellstone Mills, LLC, purchased all the assets and liabilities of RutterRex. Plaintiffs allege that the individual Defendants – Alton Spurlock, Josh Hamilton, Seiji Tsuzuki, and Naiden Kremenliev – were officers and directors of the Wellstone Defendants

during this time period, and that they made certain false representations which induced Plaintiffs to agree to the Wellstone Defendants' assumption of the lease.

The Wellstone Defendants assumed the lease in 2006, and fulfilled its requirements through June 2009. During this time period, Plaintiffs invested in the subject property, anticipating the receipt of future rents. In 2009, Defendant American Apparel, Inc. purchased all of the Wellstone Defendants' assets and liabilities through Defendant Brigade Manufacturing, Inc.[1] Brigade continued the Wellstone Defendants' operations at a new facility in Tylertown, Mississippi, and Defendant Alton Spurlock was to be Brigade's president there.

Plaintiffs have not received a rental payment since June 2009. They filed a Complaint in the Circuit Court of Marion County, Mississippi, asserting the following claims: breach of contract, tortious breach of contract, negligent misrepresentation, intentional misrepresentation, negligence, interference with the performance of a contract, breach of the covenant of good faith and fair dealing, and bad faith. Defendants removed the case, and there are now several motions ripe for review.

## II. MOTION TO STRIKE [60]

The Court denies Plaintiff's Motion to Strike [60] the affidavits and sworn declarations provided by Defendants while briefing the pending motions. The Court commonly – and properly – considers such evidence when addressing issues like those

---

[1] In various pleadings, the parties referred to Brigade as "Brigade Manufacturing, Inc." and "Brigade Manufacturing, LLC." To be clear, there is only one entity named Brigade that is a party to or at issue in this case: Brigade Manufacturing, Inc.

2

raised in the parties' motions. For example, when determining a party's citizenship for diversity jurisdiction purposes, the Court "is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). Also, when determining the sufficiency of service of process, the Court may consider affidavits and other evidence. *See Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (requiring evidence beyond mere service documentation that an authorized person accepted service). When considering a motion to dismiss for lack of personal jurisdiction, the Court may consider the entire record, including affidavits. *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006). Therefore, it is proper for the Court to consider Defendants' evidence with respect to each of the issues it addresses in this opinion.

Plaintiffs further argue that all of the affidavits and declarations constitute inadmissible hearsay. To be clear: Plaintiff does not argue that the affidavits *contain* inadmissible hearsay. They argue that the affidavits themselves are inadmissible hearsay. The Rules of Civil Procedure expressly contemplate the Court's admission and consideration of affidavits and declarations when resolving some dispositive motions. *See* FED. R. CIV. P. 56(c)(1)(A). The cases cited above specifically hold that the Court may consider affidavits and declarations when resolving certain jurisdictional issues. *See Paz*, 445 F.3d at 812; *Coury*, 85 F.3d at 249; *Systems Signs Supplies*, 903 F.2d at 1013. This objection has no merit.

Plaintiffs also object to the Court's consideration of the affidavits because they contain legal conclusions and other conclusory statements. The Court is capable of discerning between legitimate testimony and legal conclusions masquerading as testimony. There is no reason to exclude the affidavits in their entirety – probative evidence and all – because of the presence of non-probative conclusory statements.

Finally, Plaintiffs object to the Court's consideration of the affidavits because they are "self-serving." The Court is repeatedly forced to remind litigants that otherwise admissible testimony can not be excluded simply because it is "self-serving." *See C.R. Pittman Constr. Co. v. Nat'l Fire Ins. Co.*, 453 F. App'x 439, 443 (5th Cir. 2011). "If all 'self-serving' testimony were excluded from trials, they would be short indeed." *Id.*

For all the reasons stated above, the Court denies Plaintiffs' Motion to Strike [60] Defendants' affidavits and declarations.

### III. MOTION TO REMAND [23]

The parties presented numerous arguments related to the Court's jurisdiction and the propriety of Defendants' removal of this case. It is only necessary for the Court to address two: the citizenship of Brigade Manufacturing Inc., and whether it was required to join in or consent to the removal of this case.

#### A. *Brigade's Citizenship*

This Court has removal jurisdiction of all cases in which it has original jurisdiction, 28 U.S.C. § 1441(a), and it has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

4

interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). For diversity jurisdiction, the parties must be completely diverse. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Id.*

Defendants removed this case on the basis of diversity jurisdiction. Plaintiffs are citizens of Mississippi. They alleged in their complaint that Defendant Brigade Manufacturing, Inc. "is a Tennessee Corporation once registered to do business in Mississippi, but now administratively dissolved, but still operating in" Tylertown, Mississippi. Plaintiffs argue, therefore, that Brigade is a Mississippi citizen, depriving this Court of diversity jurisdiction.[2] Defendants contend that Brigade is a citizen of Tennessee. Defendants – as the removing parties – have the burden of "showing that federal jurisdiction exists and that removal was proper." *Barker v. Hercules Offshore*, 706 F.3d 680, 684-85 (5th Cir. 2013).

For diversity purposes, a "corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). "The phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010). This is commonly referred to as the "nerve

---

[2]Plaintiffs also alleged that Defendant Alton Spurlock is a Mississippi citizen, but they now concede that he is a South Carolina citizen.

center" approach. *Id.* at 80-81. In practice, the "nerve center" of a corporation "should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Id.* at 92-93. Even if the bulk of a corporation's public activities occur in one state, its "principal place of business" may rest in another, where its officers direct that activity. *Id.* at 96. When determining a corporation's "principal place of business," the Court is not required to "weigh corporate functions, assets, or revenues different in kind, one from the other." *Id.* It must determine "the center of overall direction, control, and coordination." *Id.*

Brigade is a Tennessee corporation. According to the information filed with Tennessee's Secretary of State [23-1], its current principal address is in Tylertown, Mississippi, and its registered agent's address is in Chattanooga, Tennessee. The document also shows that Brigade changed its principal address from Tullahoma, Tennessee, to Tylertown, Mississippi, in April 2011. In its application to conduct business in Mississippi [23-3], filed in December 2009, it provided Tullahoma, Tennessee, as its principal address.

Brigade provided an affidavit [39-1] from the Chairman of its Board of Directors, Richard Davenport. According to Davenport, Brigade's sole shareholder is RDavenport Family LLC, a Tennessee corporation. The members of RDavenport Family LLC are members of Davenport's immediate family. Davenport negotiated Brigade's purchase

6

of Wellstone Apparel's assets and execution of a lease agreement in Tylertown, Mississippi. He was responsible for all of Brigade's decisions in the transactions related to this case. As an exhibit to Davenport's affidavit, Brigade provided a letter it sent to Defendant Spurlock, offering him a position as Brigade's President and COO at the Tylertown facility. Therein, Brigade represented to Spurlock that it would be headquartered in Tullahoma, Tennessee, with its primary operation in Tylertown, Mississippi. Brigade also attached a letter of intent from its parent company, RDavenport Family LLC, to Wellstone Apparel, which represents that RDavenport Family LLC's address is in Tullahoma, Tennessee.

The Court concludes that Brigade met its burden of proving that its "center of overall direction, control, and coordination" is in Tennessee. *Id.* Brigade's parent company, a closely held LLC, is located in Tennessee. Davenport's affidavit and the documents attached to it prove that the company's major transactions – ones with bearing on the company's overall direction, coordination, and control – are negotiated from Tennessee. Davenport – in his letter to Alton Spurlock, who was to be the President and COO over the Tylertown operations – represented that Brigade was to be headquartered in Tennessee with its principal operations in Mississippi. Although Plaintiffs offered a variety of evidence that Brigade's general operations occurred in Mississippi, Davenport's affidavit and its accompanying documentation is the only evidence about the company's "overall direction, control, and coordination." *Id.* The Court finds, therefore, that Brigade is a citizen of Tennessee, and that the parties to this case are completely diverse.

## B. *Removal Procedures*

Plaintiffs also argue that Defendants' removal was procedurally defective because Brigade did not timely consent to removal. Defendants claim that Brigade was not required to consent to the initial removal because it was not properly served. "When a civil action is removed solely under section 1441(a)," as here, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2). Therefore, if Brigade was not properly served on the date of removal, they were not required to join in the removal. *Id.*; *see also Penson Fin. Servs., Inc. v. Golden Summit Investors Grp., Ltd.*, No. 3:12-CV-300-B, 2012 WL 2680667, at *4 (N.D. Tex. July 5, 2012).

Although federal law governs removal procedures, the service of process before removal is governed by state law. *Clarksdale v. Bellsouth Telcoms., Inc.*, 428 F.3d 206, 210-11 (5th Cir. 2005). The Mississippi Rules of Civil Procedure provide that service on a foreign corporation by a process server must be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." MISS. R. CIV. P. 4(d)(4).

Plaintiffs filed their Complaint in the Circuit Court of Marion County, Mississippi on June 29, 2012. They filed an Amended Complaint [1-1] on February 13, 2013. On the same day, they served process [23-4] on Brigade by personally serving an individual named Audrey Pigott. Brigade's website identifies Pigott as Brigade's "HR Manager." According to affidavits [32-1, 32-2] presented by Defendants, Pigott is

8

actually a bookkeeper or secretary. According to Davenport [32-1], "she handles the payroll and accounts payable for [the Tylertown] facility, pays bills as directed, deposits checks, orders supplies and does filing." She does not have authority to hire or fire employees, make company policy, or exercise any discretion outside of her specified administrative duties.

Pigott's affidavit [32-2] provides similar evidence. She likewise testified that her job "consists of invoicing customers, paying the bills that [she is] told to pay, depositing checks, helping prepare and apply shipping labels, filing, ordering office supplies and helping with the company's payroll when requested." She stated she has never been an officer, director, or managing or general agent of the company. In fact, when the process server attempted to serve her, she told him that she was not authorized to accept legal papers for the company. She claims that the process server asked her to just sign for them so he could get paid.

The Mississippi Supreme Court has considered whether office managers, secretaries, and other administrative personnel are proper agents for service of process under Rule 4(d)(4). *See, e.g., Nelson v. Baptist Mem. Hosp.*, 70 So. 3d 190 (Miss. 2011); *Johnson v. Rao*, 952 So. 2d 151 (Miss. 2007); *Williams v. Kilgore*, 618 So. 2d 51 (Miss. 1992). It is undisputed that Pigott did not have actual authority to accept service of process. The question is whether she had apparent authority to do so. *Nelson*, 70 So. 3d at 195. There are three elements of apparent authority: "(1) acts or conduct of the principal; (2) reliance thereon by a third person; and (3) a change of position by the third person to his detriment." *Id.* Here, there is no evidence that Pigott acted as if she

9

had authority to accept service of process, or that she had any "custom or practice" of doing so. *Id.* In fact, the evidence shows the opposite – that her custom was not to accept service of process, and that she told the process server she was not authorized to do so.

Plaintiffs argue that the Court should simply disregard the affidavits executed by Pigott and Davenport. As the Court explained above, Plaintiffs' objections are without merit. The affidavits are technically sufficient, and they are relevant to the issues currently before the Court. The Court may consider them.

For all of these reasons, the Court finds that Plaintiffs had not properly served Brigade at the time of removal. Therefore, Brigade was not required to join in or consent to the removal of this action. 28 U.S.C. § 1446(b)(2).

*C.    Summation*

Brigade is a citizen of Tennessee, and the parties to this case are completely diverse. Additionally, Brigade was not required to join in or consent to the removal of this case because it had not been properly served with process. The Court denies Plaintiff's Motion to Remand [23].

### IV. BRIGADE'S MOTION TO DISMISS [32]

Brigade concedes that it was properly served with process after the case was removed and it filed its Motion to Dismiss [32]. Therefore, the Court **denies as moot** Brigade's Motion to Dismiss [32].

### V. KREMENLIEV'S MOTION TO DISMISS [30]

Defendant Naiden Kremenliev filed a Motion to Dismiss [30] for lack of personal

jurisdiction. "A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). Plaintiffs have the initial burden to make a prima facie showing that the Court has jurisdiction over Kremeliev. *Pervasive Software, Inc. v. Lexware GMBH & Co. KG*, 688 F.3d 214, 219 (5th Cir. 2012). The Court must accept Plaintiffs' undisputed allegations as true and resolve all factual disputes in Plaintiff's favor. *Id.* at 219-20; *McFadin*, 587 F.3d at 758.

### A. *Long-Arm Statute*

Mississippi's long-arm statute provides:

> Any nonresident person, firm, general or limited partnership or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

MISS. CODE ANN. § 13-3-57.

Jurisdiction over Kremenliev is appropriate under the "doing business" prong of the statute. Kremenliev admitted [30-1] that, as the CFO of Wellstone Mills, LLC, he traveled to Mississippi multiple times to conduct the company's business. The long-arm statute provides jurisdiction over anyone who does "any business" or performs "any character of work or service in this state." *Id.*; *see also ITL Int'l, Inc. v. Constenla,*

11

*S.A.*, 669 F.3d 493, 498 (5th Cir. 2012) (applying long-arm statute by its plain terms). Kremenliev argues that his trips to Mississippi were in his "official capacity" as a corporate employee, rather than on his own behalf. But the long-arm statute makes no such distinction. Therefore, it provides jurisdiction over Kremenliev.

## B. *Due Process*

"Where the plaintiff alleges specific jurisdiction, as here, due process requires (1) minimum contacts by the defendant purposefully directed at the forum state, (2) a nexus between defendant's contacts and the plaintiff's claims, and (3) that the exercise of jurisdiction over the defendant be fair and reasonable." *Ainsworth v. Moffett Eng'g, Ltd.*, 2013 U.S. App. LEXIS 9424, at *4 (5th Cir. May 9, 2013). Only the first and third elements are disputed.

Kremenliev admitted that he traveled to Mississippi multiple times to conduct business on behalf of Wellstone Mills, LLC. Therefore, the Court finds that he has minimum contacts purposefully directed at Mississippi. Kremenliev argues that he did not *personally* avail himself of the protection of Mississippi's laws insofar as he was acting on behalf of Wellstone Mills, but he failed to cite any Fifth Circuit case law drawing such a distinction. Furthermore, in Mississippi, a corporate officer can be personally liable for actions committed on behalf of the corporation if he "directly participates in or authorizes the commission of a tort." *Miss. Printing Co. v. Maris, West & Baker, Inc.*, 492 So. 2d 977, 978 (Miss. 1988); *see also Whitaker v. Limeco Corp.*, 32 So. 3d 429, 439 (Miss. 2010). Therefore, the Court finds that he purposefully – and personally – availed himself of the protection of Mississippi's laws.

As for the third element, "the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266 (5th Cir. 2006). The Court examines five factors when determining whether the exercise of personal jurisdiction would be fair and reasonable: "(1) the burden upon the nonresident defendant to litigate in that forum; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the several states' shared interest in furthering substantive social policies." *Clemens v. McNamee*, 615 F.3d 374, 387 (5th Cir. 2010).

Kremenliev provided no argument on these five factors, and he cited no law whatsoever in support of his argument that the Court's exercise of jurisdiction would be unfair or unreasonable. That being the case, he failed to meet his burden, and the Court finds that it has personal jurisdiction over him.

## VI. CONCLUSION

For the reasons stated below, the Court **denies** Plaintiffs' Motion to Strike [60], **denies** Plaintiffs' Motion to Remand [23], **denies as moot** Defendant Brigade Manufacturing, Inc.'s Motion to Dismiss [32], and **denies** Defendant Naiden Kremenliev's Motion to Dismiss [30].

SO ORDERED AND ADJUDGED this 2nd day of July, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE